# United States Court of Appeals
# for the Fifth Circuit

---

No. 22-30283
Summary Calendar

---

United States Court of Appeals
Fifth Circuit

**FILED**
February 24, 2023

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Tylan Tilford,

*Defendant—Appellant*.

---

Appeal from the United States District Court
for the Middle District of Louisiana
USDC No. 3:21-CR-27-1

---

Before Barksdale, Higginson, and Ho, *Circuit Judges*.

Per Curiam:[*]

Tylan Tilford entered a conditional guilty plea to possessing a firearm as a felon, in violation of 18 U.S.C. § 922(g), reserving the right to appeal the denial of his motion to suppress evidence recovered from his residence pursuant to a search warrant. He contends: the district court erred by applying the good-faith exception to the exclusionary rule because the

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

affidavit for the search warrant was so lacking in probable cause that belief in its existence was unreasonable; and the warrant was not supported by probable cause.

We review the district court's factual findings for clear error; its legal conclusions, *de novo*. *E.g.*, *United States v. Cherna*, 184 F.3d 403, 406–07 (5th Cir. 1999). "We review de novo the reasonableness of an officer's reliance upon a warrant issued by a magistrate." *United States v. Scully*, 951 F.3d 656, 664 (5th Cir. 2020) (citation omitted). Evidence is viewed in the light most favorable to the prevailing party, here the Government. *E.g.*, *id.*

The affidavit provided, *inter alia*, the following. Law enforcement conducted several controlled purchases of marihuana from someone they suspected of drug activity. "Prior to the most recent" controlled purchase, officers "established surveillance" at three residences, one of those later identified as Tilford's. "Approximately 30 minutes" after the confidential informant reached out to the suspected dealer to buy marihuana, the suspected dealer drove to, and entered, Tilford's residence, and "exited approximately 1 minute later with a bulge in his pants". The controlled purchase was then conducted, and according to the affiant: the above-described "activity [was] consistent with [the suspected dealer's] patterns of movement during several of the previously mentioned controlled purchases and surveillance operations".

Contrary to Tilford's contentions, the affidavit was more than "barebones" because it supplied specific facts regarding an investigation from August 2019 to March 2020 of an ongoing drug enterprise that supported the reasonable inference Tilford's residence was being used as a stash house for that criminal activity. *See United States v. May*, 819 F.2d 531, 535 (5th Cir. 1987) ("evaluating the sufficiency of [an] affidavit" accompanying an application for search warrant requires a "commonsense"

approach and "officer may draw reasonable inferences"); *United States v. Garcia*, 27 F.3d 1009, 1014 (5th Cir. 1994) (requisite nexus between "house to be searched and the evidence sought" may be established "through normal inferences" (citation omitted)).

Additionally, although Tilford maintains the affidavit provides the suspected dealer visited his residence merely once, which is insufficient to connect him to any criminal activity, Tilford's residence being one of three locations placed under surveillance "prior to" the above-described purchase supports the reasonable inference that stopping at his residence was part of the suspected dealer's "pattern[] of movement during several" of the controlled purchases.

Therefore, Tilford's reliance on *United States v. Hython*, 443 F.3d 480 (6th Cir. 2006), is unpersuasive for reasons recognized by that panel: reliance on the warrant in that case might have been reasonable if the affidavit included allegations (like those in this instance) of an "ongoing investigation" into an "ongoing criminal enterprise". *Id.* at 488–89.

Reading the affidavit in the requisite commonsense manner, the district court did not err in applying the good-faith exception based on the four corners of the affidavit. *E.g.*, *United States v. Huerra*, 884 F.3d 511, 515 (5th Cir. 2018) ("A reasonable officer could have relied on [the] warrant in good faith.").

Because the good-faith exception applies, we need not address whether the warrant was supported by probable cause. *E.g.*, *Garcia*, 27 F.3d at 1013.

AFFIRMED.